**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4914-13T2

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

ANGELO RICHARDSON, a/k/a ANDREW
RICHARDSON, HASSAN RICHARDSON
and RICKY RICHARDSON,

      Defendant-Appellant.

_____

Submitted November 9, 2016 — Decided  March 10, 2017

Before Judges Guadagno and Suter.

On appeal from the Superior Court of New
Jersey, Law Division, Union County,
Indictment No. 10-02-0140.

Joseph E. Krakora, Public Defender, attorney
for appellant (Rasheedah Terry, Designated
Counsel, on the brief).

Grace H. Park, Acting Union County
Prosecutor, attorney for respondent (Milton
S. Leibowitz, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Defendant Angelo Richardson appeals from a Law Division order entered on March 21, 2014, denying his petition for post-conviction relief (PCR). Defendant claims he received ineffective assistance from his trial counsel and his PCR counsel. Finding no merit to these claims, we affirm.

On November 4, 2009, Hillside police responded to a residence where a burglar alarm had been activated. Police observed a man, later identified as defendant, walking away from the residence carrying a plastic bag. When the officers identified themselves, defendant fled with jewelry spilling from the plastic bag as he ran. Defendant was eventually tackled and placed under arrest.

When police returned to the residence, they noticed a window in the back door had been broken. The resident of the home identified jewelry and other items recovered by police from the bag defendant was carrying.

In 2010, defendant was tried to a jury and convicted of third-degree burglary, N.J.S.A. 2C:18-2; third-degree theft, N.J.S.A. 2C:20-3; and fourth-degree resisting arrest by flight, N.J.S.A. 2C:29-2(a). Defendant was sentenced to an extended term of ten years imprisonment on the burglary charge, which merged with the theft charge. Defendant received a consecutive

eighteen-month sentence on the resisting arrest charge. Defendant appealed his conviction and sentence.

We affirmed defendant's conviction but remanded for resentencing as the judge erred in considering an aggravating factor that defendant committed an offense against a law enforcement officer. State v. Richardson, No. A-2928-10 (App. Div. Aug. 2, 2012) (slip op at 10-11). Defendant's petition for certification was denied. 213 N.J. 535 (2013).

While the certification petition was pending, defendant was resentenced to the same terms on both counts. Defendant appealed the resentencing. On June 3, 2013, we heard the matter on an excessive sentencing oral argument calendar and affirmed.

On November 29 and December 10, 2010, after defendant's first sentence but before the notice of appeal was filed, defendant wrote to the Union County criminal division manager complaining that he received ineffective assistance of trial counsel.

On April 23, 2013, these two letters were accepted as a PCR petition and counsel was assigned to represent defendant. On February 15, 2014, defendant's PCR counsel filed a memorandum of law in support of defendant's petition. On March 21, 2014, Judge Scott J. Moynihan heard oral argument on the PCR petition and denied the petition without a hearing.

On appeal, defendant raises the following points:

POINT I

THE PCR COURT'S ORDER DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF MUST BE REVERSED OR THE MATTER REMANDED BECAUSE THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PROCEEDINGS BELOW.

A. THE DEFENDANT WAS PREJUDICED BY TRIAL COUNSEL'S FAILURE TO FILE A MERITORIOUS MOTION TO DISMISS THE INDICTMENT. (NOT RAISED BELOW).

B. TRIAL COUNSEL'S FAILURE TO IMPEACH THE STATE'S POLICE WITNESSES' CREDIBILITY CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL. (NOT RAISED BELOW).

1. TRIAL COUNSEL FAILED TO IMPEACH DET. RICCI'S CREDIBILITY WITH THE PRIOR INCONSISTENT STATEMENTS HE MADE AT THE GRAND JURY HEARING.

2. TRIAL COUNSEL'S FAILURE TO ATTACK DET. RICCI AND LT. KATSOUDAS' CREDIBILITY WITH THE VARYING INFORMATION CONTAINED IN PTL. LESHKO'S REPORT CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.

C. TRIAL COUNSEL'S FAILURE TO INTRODUCE THE TRANSCRIPT OF DET. RICCI'S GRAND JURY TESTIMONY AS SUBSTANTIVE EVIDENCE CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL. (NOT RAISED BELOW).

D. TRIAL AND PCR COUNSEL FAILED TO INVESTIGATE AND PRESENT FAVORABLE EVIDENCE.

E. TRIAL COUNSEL FAILED TO ADEQUATELY CONSULT WITH MR. RICHARDSON.

F. PCR COUNSEL'S FAILURE TO PROPERLY PRESENT THE ABOVE ISSUES ON POST-CONVICTION RELIEF AMOUNTS TO INEFFECTIVE ASSISTANCE OF COUNSEL. (NOT RAISED BELOW).

POINT II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT APPLIED THE PROCEDURAL BAR CONTAINED IN R. 3:22-5 TO DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

POINT III

THE PCR COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED PRIMA FACIE CASE FOR INEFFECTIVE ASSISTANCE OF COUNSEL.

We have carefully considered these arguments in light of the applicable legal principles, and we conclude that they are without sufficient merit to warrant extensive discussion in a written opinion. R. 2:11-3(e)(2). We affirm the denial of defendant's PCR petition substantially for the reasons expressed in Judge Moynihan's comprehensive oral decision of March 21, 2014.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-4914-13T2